## Clark v. Crist

*Smith, Eves & Keller*, for plaintiffs.

*Jay W. Myers*, for defendants.

KREISHER, P. J., January 8, 1963.—On December 12, 1960, H. R. Berninger, Esq., filed a complaint in trespass on behalf of the above-captioned plaintiffs alleging damages resulting from a motor vehicle accident which occurred on September 2, 1960.

To this complaint, the above-captioned defendants, on February 17, 1961, filed an answer and counterclaim arising from the same accident. On the same date, defendants filed a defendants' complaint joining plaintiffs as additional defendants.

On July 5, 1961, counsel for the original defendants filed with the prothonotary a praecipe for judgment for want of an appearance and answer to the counterclaim and defendants' complaint against the additional defendants who are also the original plaintiffs.

Sometime prior to July 5, 1961, plaintiffs' attorney notified both counsel for defendants and plaintiffs personally that he desired to withdraw from the case and that plaintiffs should secure different counsel; however, on July 5, 1961, the prothonotary entered judgment in accordance with the said praecipe filed by counsel for defendants.

Plaintiffs then retained new counsel who on June 25, 1962, filed a petition to strike off said judgment. The court issued a rule on defendants to show cause why the prayer of the petition should not be granted making the same returnable July 16.

On July 15, counsel for defendants filed an answer to said petition and rule, and the matter is now before the court on written briefs of counsel without oral argument for disposition.

Since the additional defendants are also the plaintiffs who instituted the action, the novelty of permitting defendants to enter a default judgment against them for want of an appearance seems obviously absurd. They have already entered their appearance by starting the action, so why should they be required to duplicate something for pure technical reasons or suffer drastic consequences.

None of the cases cited in defendants' brief are authority for this procedure, nor do we find any rule of civil procedure for such practice.

It appears the 1958 amendment to Pa. R. C. P. 1047 recognized the absurdity of an interpretation of the rule that would require a defendant already on the record to file a second appearance or suffer a default judgment because the language was changed from "by whom no appearance or pleading to the complaint is filed" to "who has neither pleaded to the complaint nor appeared at any time in the action." Therefore, appearance "at any time in the action" is sufficient to bar a default judgment. We think this reasoning should apply with like effect to plaintiff in the action.

The answer to the remaining issue is clearly covered by the statement in Goodrich-Amram, §1046-2, page 300:

"The right to obtain judgment for want of a reply, or to have the failure to reply considered as an admission, will depend upon the nature of the counterclaim to which the reply is required. If the counterclaim is fundamentally an action in trespass, failure to reply cannot support a judgment and will constitute an admission only within the limits of Rule 1045 (a). If the counterclaim is fundamentally an action in assumpsit,

the failure to reply can support a judgment, and may constitute a full admission of all the facts pleaded."

In the present case, defendants' counterclaim and complaint sound in trespass and, therefore, plaintiffs' failure to reply does not authorize the entry of a default judgment and is an admission of only those averments relating to the identity of the alleged wrongdoer, the agency if averred and to the instrumentality involved. All other averments of the counterclaim and defendants' complaint against the additional defendants are deemed to be denied the same as in the case the original defendant fails to file an answer to plaintiffs' complaint under Pa. R. C. P. 1045(a)-1.

This certainly seems like the only logical conclusion since there is no apparent reason for affording defendant, who files a counterclaim and brings in an additional defendant, any rights superior to those granted plaintiff in the action.

The cases cited in defendants' brief are not in point as they relate to entirely different situations from those present in this case, and we do not deem it necessary to point out these distinctions except to say we have examined all of the cases cited and they are not authority for the practice followed in this case.

Finally, Pa. R. C. P. 2255(c) states, inter alia:

"No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer . . ."

### Order of Court

And now, January 8, 1963, the rule heretofore issued upon defendants to show cause why the default judgment entered against plaintiffs should not be stricken off is hereby made absolute, and, it is accordingly ordered and decreed that said default judgment entered against plaintiffs and in favor of the original defendants be and the same is hereby stricken from the record.